IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00413-WYD-BNB

JOHN KENNETH,

Plaintiff,

v.

JACQUES A. MACHOL, JR.,

Defendant.

_____

**ORDER**
_____

The plaintiff initiated this case by filing a paper entitled **Libel of Review - common law counterclaim in admiralty - notice lis pendens and - verified statement of right - Re: God-given unalienable rights in the original estate - Article III; Constitution** [Doc. #1, filed 2/26/2009] (the "Complaint"). Also before me is the defendant's **Motion to Dismiss** [Doc. #4]. For the following reasons, the Complaint is STRICKEN, and the Motion to Dismiss is DENIED AS MOOT.

The Federal Rules of Civil Procedure require that a complaint "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." <u>Blazer v. Black</u>, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against

them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

As a preliminary matter, "[a] *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A. The Complaint is not submitted on the court's standard complaint form.

The Complaint consists of seven pages of text, most of which are filled with fanciful language and nonsense. For example, the section entitled "Cause of action" contains the following:

> Jacques A. Machol, Jr. has been pestering John Kenneth with presentments designed to coerce information about John Kenneth called Interrogatories. An example of the harassing papers is attached and refused for cause. This presumption is erroneous and based upon endorsements of private credit from the Federal Reserve that have never been made in good faith. The subjection to Special Drawing Rights (Paper Gold) is one thing but presuming endorsement of fractional lending practiced outside the scope of lawful money is unlawful and such presumption is defeated by law herein, *nunc pro tunc*. See Title 12 U.S.C. § 411: John Kenneth is and always would have exercised right to handle lawful money had the option ever been presented in good faith. The subject presentment utilized for the claim was regular enough but John Kenneth wishes to invoke judicial review "any other provision of

> law" and nullify any justification for any further such theft action -
> manifest in actual or threatened kidnap. The presentment(s) upon
> which the theft is based has been refused for cause timely
> (considering preparation of proper remedy) and the red ink original
> refusal for cause has been returned to Jacques A. Machol, Jr. in his
> copy of the counterclaim and summons. All other copies and the
> original counterclaim filed with the court have black ink (copy)
> refusals for cause on the presentment(s).

*Complaint*, p. 3.[1]

The Complaint does not contain sufficient and specific factual allegations to show that the plaintiff is entitled to relief on any legally sustainable ground. To the contrary, the Complaint utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly,

IT IS ORDERED that the Complaint is STRICKEN for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A.

IT IS FURTHER ORDERED that the plaintiff shall have until **May 21, 2009**, to submit a complaint which complies with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, and this Order. The complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced.

IT IS FURTHER ORDERED that the plaintiff's failure to comply with this Order may result in a recommendation that the plaintiff's case be dismissed.

IT IS FURTHER ORDERED that the Clerk of the Court shall enclose with this Order a

---

[1] The plaintiff did not paginate the Complaint. Therefore, I cite to the page numbers as they are assigned by the court's docketing system.

copy of the court's complaint form.

      IT IS FURTHER ORDERED that the Motion to Dismiss is DENIED AS MOOT.

Dated May 5, 2009.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge