IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00413-WYD-BNB

JOHN KENNETH,

Plaintiff,

v.

JACQUES A. MACHOL, JR.,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises in connection with my Order to Show Cause [Doc. #10, issued 5/27/2009]. For the following reasons, I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE.

The plaintiff initiated this case by filing a paper entitled **Libel of Review - common law counterclaim in admiralty - notice lis pendens and - verified statement of right - Re: God-given unalienable rights in the original estate - Article III; Constitution** [Doc. #1, filed 2/26/2009] (the "Complaint").

On May 5, 2009, I struck the Complaint because it fails to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A. I ordered the plaintiff to submit a complaint on or before May 21, 2009, which complies with those rules and with additional requirements set forth in my order [Doc. #5]. In addition, I cautioned the plaintiff that failure to submit a revised complaint could result in my recommendation that the case be dismissed. The plaintiff did not submit a revised complaint.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or
> any court order. If good cause is not shown within the time set in
> the show cause order, a district judge or a magistrate judge
> exercising consent jurisdiction may enter an order of dismissal
> with or without prejudice.

Pursuant to Rule 41.1, I ordered the plaintiff to show cause on or before June 10, 2009,

why this action should not be dismissed for failure to comply with the local rules, the Federal

Rules of Civil Procedure, and an order of this court.  In addition, I cautioned the plaintiff that his

failure to show cause on or before June 10, 2009, would result in my recommendation to the

district judge that this case be dismissed with prejudice.  The plaintiff did not file a response to

the show cause order.[1]

The plaintiff has failed to show cause for his noncompliance with the local rules, the

Federal Rules of Civil Procedure, and my orders.  Therefore, the action may be dismissed with

prejudice pursuant to Rule 41.1.  Before imposing dismissal with prejudice as a sanction,

however, I must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the
> amount of interference with the judicial process; (3) the culpability
> of the litigant; (4) whether the court warned the party in advance
> that dismissal of the action would be a likely sanction for
> noncompliance; and (5) the efficacy of lesser sanctions.  Only
> when the aggravating factors outweigh the judicial system's strong
> predisposition to resolve cases on their merits is dismissal an
> appropriate sanction.

---

[1] I note that on May 27, 2009, he filed several papers, including a copy of my order striking the Complaint [Doc. #11].  He marked "Refusal for Cause" on the papers.

2

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).  "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct."  Id. at 920.

Applying the Ehrenhaus factors, I find that the prejudice to the defendants is appreciable.  The defendant submitted a motion to dismiss and a reply to the motion to dismiss, which were rendered moot by the plaintiff's failure to submit a complaint that complies with Rule 8, Fed.R.Civ.P.

The plaintiff's failure to prosecute has interfered with the judicial process.  Instead of addressing the merits of this case, I am addressing the plaintiff's failure to submit a proper complaint and his failure to comply with my orders.

The plaintiff is obviously culpable.  He was made aware of his obligation to provide a proper complaint, but has refused to do so.  In addition, I cautioned the plaintiff on two occasions that his failure to comply with my orders could result in dismissal of his case.

A sanction less than dismissal with prejudice would not be effective.  The plaintiff has ignored the my orders to file a proper complaint and to show cause.  His conduct demonstrates a lack of respect for the court and the judicial system.  Dismissal with prejudice is the only effective sanction.  Accordingly,

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b), Fed. R. Civ. P.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas

v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated June 11, 2009.

                          BY THE COURT:

                           s/ Boyd N. Boland
                          United States Magistrate Judge